UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY HAFENDRO AUSTIN,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

1:09-CV-684

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER
SUMMARILY DISMISSING § 2255 MOTION**

This matter comes before the Court on Movant Billy Hafendro Austin's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I.**

Movant was charged in a three-count indictment with: (1) conspiracy to commit armed robbery of a financial institution in violation of 18 U.S.C. § 2113(a) and (d); (2) armed robbery of a credit union in violation of 18 U.S.C. § 2113(a), (d), and (g); and (3) use and discharge of a firearm to commit robbery of a credit union in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Crim. Dkt. No. 13, Indictment.)[1] On June 14, 2004, Movant entered a plea of guilty to counts 2 and 3. (Crim. Dkt. No. 41, Plea Agrm't; Dkt. No. 46, Plea Tr.)

[1]Citations to "Civ. Dkt. No. __" refer to docket entries in *Austin v. United States*, File No. 1:09-CV-684 (W.D. Mich.), and citations to "Crim. Dkt. No. __" refer to docket entries in *United States v. Jennings*, File No. 1:04-CR-75 (W.D. Mich.).

On September 15, 2004, Movant was sentenced to a 46-month term of imprisonment on count 2 and a 120-month term of imprisonment on count 3, to be served consecutively. (Crim. Dkt. No. 51, J.) The Court granted the government's motion to dismiss count 1 of the indictment. (*Id.*) Movant's conviction was affirmed on appeal, but his sentence was vacated and remanded for re-sentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). (Crim. Dkt. No. 74, *United States v. Austin*, No. 04-2187, slip op. (6th Cir. Oct. 3, 2007).) Movant was resentenced to a 24-month term of imprisonment on count 2 and a 120-month term of imprisonment on count 3, to be served consecutively. (Crim. Dkt. No. 82, Am. J.) Movant's amended judgment was affirmed on appeal. (Crim. Dkt. No. 87, *United States v. Austin*, No. 08-1054, slip op. (6th Cir. Sept. 19, 2008).)

**II.**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge must dismiss the motion. Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief.

In order to obtain collateral relief under section 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a section 2255 motion of even constitutional or jurisdictional magnitude to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-

68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Movant has alleged four grounds for habeas relief: (1) vindictive prosecution; (2) double jeopardy; (3) illegal sentence; and (4) denial of right to trial by jury. Movant did not raise any of these claims on direct appeal. These claims are procedurally barred, and Movant has not demonstrated any basis for excusing the procedural default. Moreover, even if the procedural default were excused, Movant's claims fail on their merits.

Movant's vindictive prosecution claim is based on his contention that because he did not enter the bank or fire the gun, the government's prosecution of him was malicious. Movant's argument lacks merit. Movant stated under oath at the time of his guilty plea that he drove William Michael Jennings to the bank, that he knew Jennings intended to rob the bank, and that he knew Jennings was carrying a gun. (Plea Tr. 11-13.) This case against Movant was properly prosecuted, and Movant was properly convicted, on an aider and abettor theory. *See* 18 U.S.C. § 2 (providing that one who aids or abets in the commission of an offense is punishable as a principal).

Movant's double jeopardy claim is based on his contention that the numerous references in the record to Movant's minor scrapes with the law improperly suggested that Movant was a hardened criminal. Movant's criminal history level of II was based upon four

previous convictions. (Crim. Dkt. No. 73, Sent. Tr. 6.) Movant does not contest the fact of his previous convictions or the manner in which those convictions were scored for purposes of his criminal history level. Moreover, contrary to Movant's assertions, the record contains no improper innuendo that Defendant is a hardened criminal.

Movant's illegal sentence claim is based on his contention that Jennings, who was more culpable, was sentenced to a shorter term of imprisonment. Movant was sentenced to the mandatory minimum of 120 months on count 3, while Jennings was only sentenced to 87 months on count 3.

A district judge is not required to consider the disparity between the sentences of co-defendants. *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010). A sentencing judge's obligation under 18 U.S.C. § 3553(a)(6) to avoid unwarranted sentence disparities "concerns *national* disparities between defendants with similar criminal histories convicted of similar criminal conduct – not disparities between codefendants." *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008) (emphasis in original). There is no basis for arguing that Movant's sentence to the mandatory minimum was an unwarranted sentencing disparity. Moreover, the disparity in the sentences between Movant and Jennings cannot be considered unwarranted. Jennings obtained a lower sentence on count 3 after the government moved for a sentencing departure based upon his cooperation and assistance. (Crim. Dkt. No. 70, Jennings Sent. Tr. 9-11.) According to the government, upon his arrest, Jennings promptly cooperated with the government and admitted his criminal conduct, assisted the

government in obtaining Movant's guilty plea, and provided valuable information regarding drug activities in the Grand Rapids area. (*Id.*) The government did not move for a departure with respect to Movant, and Movant does not suggest that he provided the same level of cooperation or assistance as Jennings.

Movant's claim that he was denied his right to a jury trial is based on the Court's denial of Movant's pro se motion to set aside his guilty plea. A defendant is allowed to withdraw a voluntarily entered guilty plea accepted by the district court before sentencing where "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (reciting relevant factors for determining whether there is a fair and just reason for withdrawing the plea). In denying Movant's motion to withdraw his guilty plea at the time of sentencing, this Court found that Movant entered his guilty plea pursuant to a negotiated plea agreement after ample opportunity for discussion, that there was no defect in the plea procedure, and that Movant entered his plea freely and voluntarily. (Sent. Tr. 2-3.) The Court's determination that there was no defect in the plea procedure was affirmed on direct appeal. (Crim. Dkt. No. 87, slip op. at 2-3 (holding that the district court complied with the requirements of Rule 11 and did not commit any error).) Because Movant failed to show a fair and just reason for withdrawing his plea, this Court's denial of his motion to withdraw his plea did not deprive Movant of his right to a jury trial.

It plainly appears from the face of Movant's § 2255 motion, exhibits, and prior

proceedings that Movant's arguments lack merit and that Movant is not entitled to habeas relief. Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, is **SUMMARILY DISMISSED** pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

**IT IS FURTHER ORDERED** that an application for a certificate of appealability is **DENIED** because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Dated: May 14, 2010

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE